Case 2:23-cv-00142   Document 41   Filed on 10/31/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONALD THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00142 |
| § | |
| TEXAS DEPT OF CRIMINAL JUSTICE, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's complaint for screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On September 11, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 19), recommending that certain claims be retained and others be dismissed. Plaintiff timely filed his objections (D.E. 25) on September 21, 2023.

### DISCUSSION

First, Plaintiff objects that the Magistrate Judge overlooked his amended allegations when reciting the Native American tribal affiliation of his ancestors. Nothing in the recommended rulings at this point depends on which tribal affiliation Plaintiff claims, as the Magistrate Judge has credited his claim to a sincere religious belief that is affected by

the TDCJ grooming policy. Therefore, the Court **OVERRULES** the first objection as moot.

Plaintiff's second and third objections complain that certain prison staff actions are retaliatory because they occurred after he filed a grievance and are actions not expressly authorized by TDCJ policy. Plaintiff offers no authority for his theory that the Court may infer retaliatory intent from enforcement actions that are not specifically authorized in an official enforcement policy. Prison policies cannot be expected to anticipate the various contexts for every rule violation and prescribe a limited set of staff responses that are permitted.

Plaintiff is also incorrect to argue that the mere fact that he previously filed a grievance about the grooming policy renders later enforcement of the grooming policy retaliatory. Plaintiff cannot insulate himself from enforcement just by filing a grievance. As the M&R sets out, the "but for" causation element of a retaliation claim requires evidence of retaliatory intent. In this respect, "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C*., 482 F.3d 802, 808 (5th Cir. 2007). Plaintiff's second and third objections are **OVERRULED**.

Fourth, Plaintiff objects to the recommended dismissal without prejudice of his excessive force complaints because the excessive force was, itself, retaliatory, making that conduct part of this action. Again, Plaintiff has not supplied anything but conclusory and speculative allegations of retaliatory intent. He has failed to allege any reason that

Defendants' conduct is retaliation for his filing of a grievance rather than for his violation of the grooming policy. The fourth objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, for purposes of screening, the Court holds that Plaintiff has stated a claim against TDCJ Director Bobby Lumpkin and McConnell Unit Warden Elbert G. Holmes in their official capacities for injunctive relief in connection with Plaintiff's claims regarding his desire to grow his hair long and that claim is **RETAINED**.

The Court **DISMISSES** Plaintiff's claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment.

The Court **DISMISSES** without prejudice Plaintiff's excessive force claims.

The Court **DISMISSES** Plaintiff's remaining claims for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**ORDERED** on October 31, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE