United States District Court
Southern District of Texas
**ENTERED**
November 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONALD THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00142 |
| § | |
| TEXAS DEPT OF CRIMINAL JUSTICE, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Ronald Thomas, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's "Motion for Reconsideration of Order Adopting Memorandum and Recommendation." (D.E. 43). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I.     BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently confined at the McConnell Unit in Beeville, Texas. Plaintiff's allegations in this case arise in connection with his current housing assignment.

Plaintiff alleges certain policies and practices of the TDCJ-CID prohibit him from growing his hair long in accordance with his Native American faith. Plaintiff claims these

policies and practices conflict with his right to practice his Native American faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq., the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff further alleges he has been subjected to various acts of retaliation in connection with growing his hair long and filing grievances.

The Court received Plaintiff's original complaint on May 25, 2023. (D.E. 1). On June 12, 2023, Plaintiff filed a motion to amend his complaint to correct or include the full names of some of the defendants. (D.E. 12). The undersigned granted Plaintiff's motion to amend on June 13, 2023. (D.E. 13). Plaintiff paid the filing fee on July 12, 2023. On July 5, 2023, a *Spears*[1] hearing was held where Plaintiff was given an opportunity to explain his claims. On July 6, 2023, Plaintiff was ordered to file an amended complaint. (D.E. 14).

The undersigned construed the two documents received by the Court on July 27, 2023 (D.E. 15) and July 31, 2023 (D.E. 16), respectively, to constitute Plaintiff's Amended Complaint and live pleading. (D.E. 19, p. 4). Plaintiff named the following Defendants in his Amended Complaint: (1) the TDCJ; (2) TDCJ Director Bobby Lumpkin; (3) Warden Candice G. Flannel; (4) Placido Samaniego; (5) Captain Dorian J. Garza; (6) Lt. Adan A. Cavazos; (7) Lt. Jose R. Aleman; (8) Sgt. Ildefonso M. Barrera Jr.; (9) Sgt. Brenda Quintanilla; (10) Cpt. Tommy L. West; (11) McConnell Warden Elbert G. Holmes; and (12) TDCJ Office of the Inspector General. (D.E. 15, pp. 3-4).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

On September 11, 2023, the undersigned issued a Memorandum and Recommendation ("M&R"), recommending that the Court: (1) retain Plaintiff's RLUIPA, First Amendment, and Equal Protection claims – related to TDCJ's prohibition against him to grow his hair long in accordance with his Native American faith – against Director Lumpkin and Warden Holmes in their official capacities for injunctive relief; (2) dismiss Plaintiff's claims for money damages against all Defendants in their official capacities as barred by the Eleventh Amendment; (3) dismiss without prejudice Plaintiff's excessive force claims; and (4) dismiss Plaintiff's remaining claims with prejudice – including his claims of retaliation against Barrera, Cavazos, Aleman, Flannel, West, and Quintanilla – for failure to state a claim and/or as frivolous. (D.E. 19).

In his objections to the M&R, Plaintiff complained in part that certain prison staff actions were retaliatory because they occurred after he had filed a grievance and are actions not expressly authorized by TDCJ policy. (D.E. 25, pp. 2-3). Plaintiff further objected to the recommended dismissal of his excessive force complaints because the excessive force was retaliatory, making that conduct part of this action. (*Id.* at 3). On October 31, 2023, District Judge Nelva Gonzales Ramos overruled Plaintiff's objections and adopted the M&R in its entirety. (D.E. 41).

II. **DISCUSSION**

Plaintiff moves the Court to reconsider its October 31 Order with respect to the dismissal of Plaintiff's retaliation claims. (D.E. 43). Because the October 31 Order did not adjudicate all of the claims raised in this action and was interlocutory, the Court must

consider Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 54(b).  *See Davis v. Hinds Cnty., Miss.*, No. 3:16-CV-674, 2018 WL 3977972, at *1 (S.D. Miss. Aug. 20, 2018) (citing *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017)).  Rule 54(b) provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  "'Interlocutory orders,' such as grants of partial [dismissal] ... 'are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.'"  *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)).  This Court, therefore, retains discretion at this time to grant relief under Rule 54(b). *See id.*

      Plaintiff first cites Paragraph 17 in his Amended Complaint as satisfying the "but for" causation element of his retaliation claims.  (D.E. 43, p. 2).  In that paragraph, Plaintiff alleges that "it is plausible that the oral complaints to supervisors and the requests to make oral complaints to the supervisors is the 'but for' cause of the adverse actions taken by prison officials against the Plaintiff."  (D.E. 15, p. 7).  Plaintiff further contends that his allegations in Paragraphs 18 through 28 of his Amended Complaint (D.E. 15, pp. 7-10) establish a "chronology of events" which show a retaliatory motive on the part of Barrera and Cavazos.  (D.E. 43, p. 2).  Lastly, Plaintiff reiterates that none of the retaliatory acts taken against him would have occurred but for his filing of a grievance challenging the grooming policy in effect.  (*Id.*).

The Court already has reviewed Plaintiff's allegations in his Amended Complaint and determined that they were conclusory and otherwise insufficient to show that, but for the correctional officer defendants' retaliatory motives, the adverse actions taken against Plaintiff would not have occurred. (D.E. 19, pp. 15-16; D.E. 41, p. 2). As Judge Ramos points out in the October 31 Order, any temporal proximity of adverse actions taken against Plaintiff to enforce the grooming policy following the filing of his grievance alone is insufficient to prove "but for" causation. (D.E. 41, p. 2). The allegations cited by Plaintiff in his motion simply fail to create an inference that the correctional officers' conduct was retaliation for filing a grievance rather than enforcing the TDCJ grooming policy. Accordingly, Plaintiff's motion for reconsideration should be denied.

### III.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Rule 54(b) motion to reconsider the Court's October 31 Order adopting the M&R (D.E. 43) be **DENIED**.

Respectfully submitted on November 15, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).