Case 2:23-cv-00142   Document 71   Filed on 05/23/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00142 |
| | § | |
| TEXAS DEPT OF CRIMINAL JUSTICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR
<u>PRELIMINARY INJUNCTIVE RELIEF</u>**

Plaintiff Ronald Thomas, proceeding *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion seeking preliminary injunctive relief. (D.E. 59). For the reasons below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). At the time he filed his complaint, he was housed at the

McConnell Unit in Beeville, Texas. During the pendency of this case, Plaintiff was transferred to the Clemens Unit in Brazoria, Texas.

In this action, Plaintiff alleges certain TDCJ policies and practices prohibit him from growing his hair long in accordance with his Native American faith. Plaintiff alleges these policies and practices conflict with his right to practice his Native American faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, the First Amendment, and the Due Process Clause of the Fourteenth Amendment. Plaintiff further alleges he has been subjected to various acts of retaliation in connection with growing his hair long and filing grievances.

In his Amended Complaint (D.E. 16), Plaintiff has sued the TDCJ as well as numerous McConnell Unit and TDCJ officials in their individual and official capacities. Plaintiff sought declaratory, injunctive, and monetary relief.

The undersigned conducted a *Spears*[1] hearing on July 5, 2023. On September 11, 2023, the undersigned issued a Memorandum and Recommendation (M&R, D.E. 19), recommending that the Court retain only Plaintiff's RLUIPA, First Amendment, and equal protection claims against TDCJ Director Bobby Lumpkin and McConnell Unit Warden Elbert G. Holmes in their official capacities for injunctive relief only. District Judge Nelva G. Ramos subsequently adopted the September 11, 2023 M&R. (D.E. 41).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

### III. PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff alleges that TDCJ's grooming policy and its application to him substantially interfere with his ability to practice his Native American faith in violation of RLUIPA and the First Amendment. (D.E. 61, p. 1). He alleges that he has tried combing, brushing, and washing his hair, but is unable to prevent his hair from naturally developing dreadlocks. (D.E. 15, p. 6).

Plaintiff further alleges that he is being treated differently to other inmates who are not black who are allowed to wear their hair long. (D.E. 61, p. 3). Plaintiff alleges this disparate treatment violates the Equal Protection Clause of the Fourteenth Amendment. (D.E. 61, p. 1). Lastly, he alleges that he suffered retaliation by prison officers for his violations of TDCJ's grooming policy. (D.E. 60, p. 1–2).

### IV. DISCUSSION

Plaintiff has filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the undersigned construes as a motion seeking preliminary injunctive relief. (D.E. 59–61). In his motion, Plaintiff seeks an order enjoining Defendants either from cutting his hair or compelling him to do so. (D.E. 59, p. 2). Defendants respond that Plaintiff has not satisfied any of the elements entitling him to preliminary injunctive relief. (D.E. 69, p. 1–2).

Preliminary injunctive relief is "an extraordinary and drastic remedy." *Direct Biologic, L.L.C. v. McQueen*, 63 F.4th 1015, 1020 (5th Cir. 2023). *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision

to grant a preliminary injunction is to be treated as the exception rather than the rule."). To issue such relief, the Court must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (internal quotations and citations omitted) And only when the movant has "clearly carried the burden of persuasion should a court grant preliminary injunctive relief." *Id.* (internal quotations and citations omitted).

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Ramirez v. Collier*, 595 U.S. 411, 142 S. Ct. 1264, 1269 (2022).

In cases involving prisoners, courts are particularly reluctant to grant requests for a preliminary injunction, as "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Wagner v. Campuzano*, No. 1:12-CV-205-C, 2013 WL 12147778, at *1 (N.D. Tex. May 31, 2013) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). The Prison Litigation Reform Act (PLRA) even instructs that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A).

In this case, it is too early to make a determination on the likelihood of success on the merits for Plaintiff's claims. But even assuming Plaintiff can establish a substantial

likelihood of success with respect to one or more of his claims, he has failed to show irreparable harm.

To demonstrate an entitlement to preliminary injunctive relief, Plaintiff must show that a failure to grant his requested injunction poses a substantial threat of an irreparable harm. *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 451 (5th Cir. 2019). This means that a concrete and irreparable injury will occur absent the granting of the injunctive relief. *See Tex. First Nat. Bank v. Wu*, 347 F. Supp. 2d 389, 399 (S.D. Tex. 2004) (Hittner, J.).

Plaintiff argues that the grooming policy as applied to him constitutes irreparable harm because it continuously deprives him of constitutional rights protected by RLUIPA, the First Amendment, and the Fourteenth Amendment. (D.E. 61, p. 2–3). He claims that the choice between cutting his hair in violation of his religious beliefs or suffering disciplinary action is a continuing violation of his constitutional rights. (D.E. 61, p. 1).

Defendants argue that Plaintiff could not have suffered irreparable harm because Defendants did not cut his hair. (D.E. 69, p. 7). Specifically, Defendants argue that Plaintiff's allegations regarding the cutting of his hair are purely speculative and conclusory because Defendants have not cut Plaintiff's hair in the past nor do Defendants pose a current or imminent threat of cutting Plaintiff's hair in the future. (D.E. 69, p. 6–7).

Even assuming Plaintiff could demonstrate a likelihood of success on the merits, he has not shown a substantial threat of irreparable harm. Plaintiff has presented no evidence to suggest that Defendants will forcibly cut or compel him to cut his hair if preliminary injunctive relief is not granted. Nor is there any evidence that prison officials at the

McConnell Unit forcibly cut his hair in the past. It is important to note that Plaintiff's allegations reference incidents occurring at the McConnell Unit. He offers nothing to suggest that prison officials at the Clemons Unit are engaging in actions which present a credible risk to his hair being forcibly cut. Further, he does not show that prison officials at the Clemons Unit are retaliating against him or that he is currently at risk of imminent harm. Since Plaintiff's complaints of irreparable harm are purely speculative, he has not demonstrated a substantial threat that he will suffer irreparable harm if the injunction is denied.

Given that Plaintiff cannot establish irreparable harm, it follows that he cannot establish an entitlement to preliminary injunctive relief. Therefore, it is unnecessary to address the remaining elements for preliminary injunctive relief.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunctive relief (D.E. 59) be **DENIED**.

Respectfully submitted on May 23, 2024.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).